**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE LLORENTE,<br><br>            Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, et al.,<br><br>            Respondents. | Civil No. 12-7073 (DMC)<br><br><br>**OPINION** |

**APPEARANCES**:

    JOSE LLORENTE, A 039 045 628, Petitioner Pro Se
    Bergen County Jail
    160 River Street
    Hackensack, New Jersey  07601

**CAVANAUGH, District Judge**:

On November 7, 2012, Jose Llorente, a native and citizen of Columbia, filed his sixth Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention at Bergen County Jail in the custody of the Department of Homeland Security ("DHS").[1] This Court will summarily dismiss the Petition because Llorente has not alleged facts showing that there is "good reason to believe that there is no significant likelihood of removal [to Columbia] in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

---

[1] See Llorente v. Holder, Civ. No. 10-2534 (KSH) (D.N.J. docketed May 17, 2010); Llorente v. Holder, Civ. No. 11-5707 (KSH) (D.N.J. docketed Oct. 3, 2011); Llorente v. Holder, Civ. No. 11-6940 (DMC) (D.N.J. docketed Nov. 15, 2011); Llorente v. Holder, Civ. No. 12-4069 (DMC) (D.N.J. docketed June 29, 2012); Llorente v. Holder, Civ. No. 12-5186 (DMC) (D.N.J. docketed Aug. 14, 2012).

## I. BACKGROUND

Jose Llorente, a native and citizen of Columbia, challenges his detention in the custody of DHS at Bergen County Jail in Hackensack, New Jersey. Llorente was most recently admitted to the United States as a lawful permanent resident on December 28, 1984. On November 13, 2009, DHS took Llorente into custody and detained him pursuant to 8 U.S.C. § 1226(c), charging him with removal under INA section 237(a)(2)(A)(ii) based on multiple convictions of crimes of moral turpitude. DHS filed additional charges of removability on April 8, 2010, April 12, 2010, and July 28, 2010. On November 10, 2011, an Immigration Judge ordered Llorente removed. Llorente appealed the order of removal to the BIA, and on March 1, 2012, the BIA dismissed the appeal. On March 9, 2012, Llorente filed a petition for review in the Second Circuit, together with a motion for stay of removal. See Llorente v. Holder, C.A. Docket No. 12-0946 (2d Cir. docketed Mar. 9, 2012). On August 15, 2012, the Second Circuit dismissed Llorente's petition for review. See Llorente v. Holder, C.A. 12-946 order (2d Cir. Aug. 15, 2012).

Llorente executed the § 2241 Petition presently before this Court on November 7, 2012. The Clerk accepted it for filing on November 13, 2012. In the Petition, Llorente asserts that his removal period began on March 1, 2012, and that his detention is not statutorily authorized because he has been detained for over eight months without being removed. He argues:

> Petitioner's detention is beyond the 90-day removal period governed by the constitutional principles set forth by the Supreme Court in Zadvydas v. Davis, 533 U.S. at 701. In Zadvydas, the Supreme Court held that post-removal-order detention is subject to a reasonableness standard. Specifically, once a presumptively reasonable six-month period of post-removal-order detention has passed, a resident alien as Petitioner must be released.

(Dkt. 1 at 5.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B. Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan,

773 F.2d 37, 45 (3d Cir. 1985).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

The statutory authority to detain an alien depends on where the alien is in the removal process.  See Leslie v. Attorney General of U.S., 678 F.3d 265, 268-71 (3d Cir. 2012).  Section 1226 governs the pre-removal-period detention of an alien.  Id.; see also 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . ."); Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").  As in this case, once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  See  8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A).  This 90-day removal period begins "on the latest of the following:"

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

4

>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes the DHS to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

>An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701.

>After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement

5

> grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In this case, Llorente's order of removal, see 8 U.S.C. § 1101(a)(47)(A), became administratively final when the BIA affirmed the Immigration Judge and dismissed his appeal on March 1, 2012.[2] Since 8 U.S.C. § 1231(a)(1)(B)(i) provides that the removal period begins on the "date the order of removal becomes administratively final," Llorente's removal period began on March 1, 2012. Accordingly, the six-month presumptively reasonable period of post-removal-period detention expired on September 1, 2012. Llorente appears to contend that, once the six-month presumptively reasonable period of post-removal period detention expires, the DHS has the burden of showing that his removal is reasonably foreseeable. To the contrary, the Zadvydas Court expressly held that it is the alien's burden to show that his removal is not foreseeable: "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. As the Third Circuit explained,

---

[2] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

> Once the six-month period has passed, the burden is on the alien to 'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .' Zadvydas v. Davis, 533 U.S. 678, 701 . . . (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' Id.

Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005).

Llorente's Petition must be dismissed because he "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006). To summarize, because Llorente does not allege facts showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas, 533 U.S. at 701, his Petition does not show that his detention is statutorily unauthorized or violates due process. See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

This Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States.[3] Id.

### III. CONCLUSION

The Court will dismiss the Petition.

_____
DENNIS M. CAVANAUGH, U.S.D.J.

DATED: ___11/28___, 2012

---

[3] The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) in the event that Petitioner can allege facts showing that there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future"). In addition, if Petitioner believes he is unlikely to be removed in the near future, he may request the DHS to review his situation. See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").